IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LAWRENCE E. DAVIS** | : | CASE NO.: _____ |
| 5830 Millbank Road, Apt. A | : | |
| Columbus, OH 43229 | : | |
| | : | PPN: **010-115931-00** |
| PLAINTIFF, | : | |
| | : | JUDGE: |
| -- VS -- | : | |
| | : | MAGISTRATE: |
| **U.S. BANK N.A., AS TRUSTEE FOR** | : | |
| **LSF8 MASTER PARTICIPATION** | : | **COMPLAINT FOR MONEY** |
| **TRUST** | : | |
| Attn: Corporate Trust Services | : | **WITH JURY DEMAND** |
| 60 Livingston Ave., EP-MN-WS3D | : | **ENDORSED HEREON** |
| St. Paul, MN 55107; | : | |
| | : | |
| and | : | |
| | : | |
| **LSF8 MASTER PARTICIPATION** | : | |
| **TRUST** | : | |
| c/o US Bank Trust, N.A., Registered | : | |
| Agent | : | |
| 300 Delaware Avenue, 9th Floor | : | |
| Wilmington, DE 19801 | : | |
| | : | |
| and | : | |
| | : | |
| **CALIBER HOME LOANS, INC.** | : | |
| c/o CT Corporation System | : | |
| 1300 E. 9th St. | : | |
| Cleveland, OH 44114-0000 | | |

DEFENDANTS

Plaintiff Lawrence E. Davis ("Plaintiff"), by and through counsel, for his

Complaint against Defendants US Bank, N.A. as Trustee for LSF8 Master

1

Participation Trust ("US Bank"), LSF8 Master Participation Trust ("LSF8") and Caliber Home Loans, Inc. ("Caliber") (collectively "Defendants") states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a natural person who resides at 5830 Millbank Road, Apt. A, Columbus, Ohio.

2. Co-Defendant U.S. Bank, N.A. as Trustee for LSF8 Master Participation Trust is a National Banking Association with a corporate headquarters at 800 Nicollet Mall, Minneapolis, MN 55402 and with their Corporate Trust Services located at 60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN 55207.

3. Co-Defendant LSF8 Master Participation Trust is a Trust formed under the laws of the State of Delaware that maintains its principal place of business at 2711 N. Haskell Avenue, Suite 1700, Dallas, TX 75204.

4. Co-Defendant Caliber Home Loans, Inc. is an incorporated business under the laws of the State of Delaware that maintains its principal place of business in Texas. Upon belief Caliber is the current servicer of the debt owed on a Note and Mortgage for the loan number ending in x8829 associated with the real property located at 1090 Williams Road, Columbus, Ohio 43207 (the "Property").

5. Caliber is also a "debt collector" as defined by the Fair Debt Collection Practices Act because it took over the loan on or about January 31st, 2014 at a time when the property was in an active foreclosure with a purported delinquency.

6. At all times relevant herein Caliber was believed to be servicing the loan on behalf of Co-Defendant LSF8 and Co-Defendant US Bank as Trustee.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* (RESPA), and the Fair Debt Collection Practices Act, 12 U.S.C. §§ 1692, *et seq.* (FDCPA).

8. This action is filed to enforce regulations promulgated by the Consumer Financial Protection Bureau (CFPB) that became effective on January 10, 2014, specifically, 12 C.F.R. §§ 1024.35, 1024.36, and 1024.41 of Regulation X.

9. This Court has supplemental jurisdiction to hear any and all state law claims pursuant to 28 U.S.C. § 1367.

10. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as Mr. Davis' primary residence is in this District and the Property is also located in this District.

## INTRODUCTION

11. In January 2013, the CFPB issued a number of final rules concerning mortgage markets in the United States, pursuant to the DFA, Public Law No. 111-203, 124 Stat. 1376 (2010).

12. Specifically, on January 17, 2013, the CFPB issued the RESPA (Regulation X) and TILA (Regulation Z) Mortgage Servicing Final Rules, 78 F.R.

10901 (February 14, 2013) and 78 F.R. 10695 (Regulation X) (February 14, 2013), which became effective on January 10, 2014.

13. The Loan in the instant matter is a "federally related mortgage loan" as said term is defined by 12 C.F.R. § 1024.2(b).

14. Caliber is subject to the aforesaid Regulations and does not qualify for the exception for "small servicers", as such term is defined in 12 C.F.R. § 1026.41(e)(4), nor the exemption for a "qualified lender", as such term is defined in 12 C.F.R. § 617.700.

15. The Plaintiff has a private right of action under RESPA pursuant to 12 U.S.C. § 2605(f) for the claimed breaches and such action provides for remedies including actual damages, costs, statutory damages, and attorneys' fees.

16. The Plaintiff is asserting a claim for relief against Caliber for breaches of the specific rules under Regulation X as set forth, *infra*.

17. The Fair Debt Collection Practices Act was enacted by Congress to prohibit the "[u]se of abusive, deceptive, and unfair debt collection practices." 15 U.S.C § 1692a.

18. Caliber is a debt collector, the Plaintiff is a consumer, and the Loan is a debt as defined by the FDCPA.

19. The Plaintiff also asserts a private right of action against Caliber under the FDCPA, pursuant to 15 U.S.C. §1692k, for Caliber's conduct in connection with

4

collection of the Loan and Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorneys' fees.

## FACTUAL BACKGROUND

20. Plaintiff is the owner of the real property located at 1090 Williams Road, Columbus, Ohio 43207 ("the Property").

21. Prior to the transfer of the loan to the current Co-Defendants, the Plaintiff and the Property were subject to the foreclosure *Household Realty Corporation v. Lawrence E. Davis, et al.*, Case No. 13 CV 009355 in the Franklin County (Ohio) Court of Common Pleas. ("the Foreclosure case")

22. On or about April 1st, 2014 Household, through counsel, filed a Motion to Substitute Party Plaintiff in the Foreclosure case asking that Co-Defendant US Bank be substituted as party in interest by virtue of the assignment of mortgage recorded with the Franklin County Recorder as of March 20th, 2014. A copy of the Motion is attached as Exhibit A.

23. As of April 10th, 2014, the trial court granted the Motion and Co-Defendant US Bank was the Plaintiff in the foreclosure against Mr. Davis.

24. The Foreclosure case was set for trial as of September 4th, 2014.

25. On August 13th, 2014 the Plaintiff, through his foreclosure counsel, and Co-Defendant US Bank, through their counsel notified the Court of a settlement of the Foreclosure case.

5

26. On or about September 2nd, 2014 the Plaintiff executed the settlement agreement. On or about September 9th, 2014, Co-Defendant Caliber, as attorney in fact for the other Co-Defendants executed the settlement agreement.

27. On or about September 12th, 2014, the Court entered the Consent In Rem Judgment Entry and Decree in Foreclosure (See attached Exhibit B) including the following terms:

- Page 2 - Plaintiff is not entitled to a deficiency judgment herein.
- In exchange for this consent, Plaintiff will pay Defendant two thousand dollars ($2,000) and will waive the deficiency balance which may be due and owing.

28. The full terms of the settlement are subject to a confidentiality agreement but pursuant to Paragraph 15(b) of the settlement agreement the terms relevant to this proceeding are as follows:

- Paragraph 3(2): US Bank agreed to waive the deficiency balance owed by the Plaintiff on the loan.
- Paragraph 3(3): The Plaintiff agreed to a consent entry to the Co-Defendants to the foreclosure of the Property.
- Paragraph 3(5): The Plaintiff agrees to vacate the property within thirty (30) days of the sheriff sale. Co-Defendant US Bank will then perform an inspection of this property.

29. Upon belief the Plaintiff vacated the property as of December 2014 and the Plaintiff has received his payment under the settlement agreement.

30. Following the terms of the settlement agreement Caliber, on behalf of the other co-Defendants, submitted the Order for Sheriff Sale in the foreclosure case on December 22nd, 2014.

31. The Sheriff Sale was noticed to be sold as of March 20th, 2015. A copy of the Notice of Sale filed in the foreclosure case is attached as Exhibit C.

32. On March 12th, 2015 US Bank, through counsel, filed a Motion to Withdraw Sheriff's Sale in the foreclosure case. A copy of the Motion is attached as Exhibit D and in the Motion US Bank states as their grounds for withdraw that "Plaintiff [US Bank] does not wish to execute on its judgment at this time." *Exhibit D* at p.1.

33. On March 13th, 2015, the Entry Granting the Motion to Withdraw Sale was entered in the Foreclosure Case. A copy of that entry is attached as Exhibit E.

34. The foreclosure case was then closed administratively by the Franklin County Clerk of Courts on April 10th, 2015.

35. Upon belief the Plaintiff never received either Exhibits D or E from the Co-Defendants nor his foreclosure counsel.

36. Caliber sent a letter to the Plaintiff dated January 12th, 2016, a copy of which is attached as Exhibit F, in which Caliber states the following:

- Paragraph 1: "Please be advised that Caliber Home Loans, Inc. has elected to release the lien on the Property associated with the above referenced mortgage loan. Accordingly, Caliber will not foreclosure on the Property..."

7

- Paragraph 2: "Please note that while you have a right to occupy the Property until a sale or other title transfer action occurred, you remain obligated to maintain the property and to pay any property taxes that may become due.

- Paragraph 3: "Caliber's decision to release the lien on your property in no way discharges you from your obligation(s) under the Note dated January 12th, 2006.  You are still required to pay the remaining balance of your loan...."

37. The Plaintiff was completely shocked to receive Exhibit F as he reasonably believed he had a settlement agreement in the Foreclosure case.

38. Shortly after receiving these two letters the Plaintiff got in contact with Plaintiff's counsel Clark and O'Reilly to discuss his situation as he reasonably believed that Caliber (and the other co-defendants) were now saying he owned the property and he was liable for the debt despite the settlement agreement.

39. Over the next few months (March 2016 to August 2016), Plaintiff's counsel had exchanged written, electronic, and telephonic communications with Caliber's foreclosure counsel regarding these letters.

40. Based on those discussions both Plaintiff and Plaintiff's counsel were left believing that the Co-Defendants did not desire to have an interest in the property anymore.

41. In early September 2016, the Plaintiff engaged Plaintiff's co-counsel The Dann Law Firm for further assistance with these matters.

42. On September 15th, 2016 the Dann Law Firm, on behalf of Plaintiff, sent a Notice of Error ("NOE") pursuant to 12 C.F.R. 1024.35(b)(11) to Caliber via

certified mail number [7016 0340 0000 9159 7217] to their designated Notice of Error correspondence address. A copy of the NOE is attached as Exhibit G.

43. The letter was received by Caliber on September 19th, 2016. A copy of the tracking information for the Notice of Error, obtained from the website for the United States Postal Service (USPS) (www.usps.com) accessed on December 15th, 2016, is attached as Exhibit H.

44. On September 21st, 2016 Caliber sent correspondence to counsel indicating receipt of the NOE and indicating a response within the time period required by law.

45. On October 7th, 2016, Caliber sent correspondence to counsel requesting an extension. A copy of this extension is attached as Exhibit I.

46. Finally on November 18th, 2016 Caliber sent a response to counsel to the NOE. A copy of the response is attached as Exhibit J. In the response, Caliber states that "Caliber is not pursuing the collection of any deficiency associated with this loan since Mr. Davis is not obligated to the debt." *Exhibit J* at p. 1

47. Based on this response the Plaintiff feels he has no choice but to bring this action to assert his rights under the settlement agreement, to clarify for Caliber their mortgage interest and responsibilities under the agreement, and to ensure that none of the Defendants attempts to improperly collect or foreclose on the property again.

9

48. As a result of the Defendants' actions, the Plaintiff has suffered the out-of-pocket expenses of having to hire two sets of counsel to send inquiries that were not responded to completely and to file this suit to enforce the settlement agreement. The Defendants' actions have caused continued anxiety, fear, stress, and frustration of having to deal with the enforcement of this mutually agreed-upon settlement agreement and to deal with a property that the Plaintiff believed was to be sold two years ago by the Defendants.

## COUNT ONE:
## BREACH OF SETTLEMENT AGREEMENT– ALL DEFENDANTS

49. The Plaintiff reasserts and re-alleges the foregoing paragraphs as if fully written herein.

50. The Plaintiff and Co-Defendants US Bank and Co-Defendant Caliber entered into an enforceable confidential settlement agreement that surrendered the Plaintiff's residence to the Defendants and required the Defendants to complete the sheriff sale.

51. Co-Defendant LSF8 is bound party of the settlement agreement as its Trustee, US Bank, and its servicer, Caliber, entered into the settlement agreement at a time when LSF8 owned the Note and Mortgage and the settlement agreement was agreed to by its agents.

52. Pursuant to Paragraph 3(3) and Paragraph 3(5) of the settlement agreement, the Defendants were to complete the foreclosure.

53. The Plaintiff substantially performed his requirement of the settlement agreement under Paragraph 3(5).

54. In withdrawing the property from Sheriff Sale, the Defendants through Defendant US Bank breached the settlement agreement.

55. In sending the January 12th, 2016 letter, Defendant Caliber, acting on behalf of the other Defendants, breached the settlement agreement by explicitly attempting to collect a debt for which Defendant US Bank agreed to waive the personal liability of the Plaintiff.

56. In sending the January 12th, 2016, Defendant Caliber acting on behalf of the other Defendants explicitly breached the settlement agreement by stating their intention to release the lien and again explicitly attempting to collect a debt for which Defendant US Bank agreed to waive the personal liability of the Plaintiff.

57. The Defendants breach of the settlement agreement is one of bad faith as the Defendants, either individually or collectively, knowingly withdrew the property from sheriff sale to the peril of the Plaintiff despite agreeing to do so and knowingly attempted to collect a debt from the Plaintiff they affirmative agreed they did not owe.

58. The Defendants' breach of settlement agreement has caused the Plaintiff the economic damage of having to hire counsel to send the Requests for Information and Notices of Error and now the economic damage of having to file suit

11

to enforce the agreement as well as the continued financial risks and/or burdens of having to deal with the property.

59. The Defendants' breach of the settlement agreement also calls into question the integrity of the legal system as a whole given the terms of the settlement agreement were negotiated in good faith and at arms-length during litigation.

60. The Plaintiff is therefore entitled to actual damages of at least $415.29 as well as reasonable attorneys' fees and costs.

## COUNT TWO: CONVERSION – ALL DEFENDANTS

61. The Plaintiff restates and re alleges all allegations in Paragraphs 1 through 52 in the Complaint as if fully restated herein.

62. Pursuant to the settlement agreement the Plaintiff was required to vacate the property thirty days prior to the sheriff sale. Upon belief the Plaintiff vacated the property in December 2014 and since that time, the Defendants through their agents have exercised control of the property.

63. Pursuant to the settlement agreement, the Defendants were to sell the property on March 20th, 2015.

64. As demonstrated by Exhibits D and E, the Defendants knowingly and intentionally stopped the sheriff sale.

65. As demonstrated by Exhibit F, the Defendants, through Caliber, made an explicit attempt to disclaim their interest in the property that they required the Plaintiff to relinquish.

66. At all times pursuant to the settlement agreement, the Defendants agreed to sell the property at sheriff sale thereby depriving the Plaintiff of his property right by agreement.

67. By withdrawing the sheriff sale and breaching the settlement agreement at all times since March 13th, 2015 the Defendants have deprived the Plaintiff of his rights to the real estate.

68. By withdrawing the sale without the Plaintiff's knowledge, the Defendants knowingly allowed the property to depreciate into a state of disrepair as well as delinquent property taxes putting the Plaintiff at risk of a future unwarranted and unnecessary foreclosure and/or citations for failure to maintain the property.

69. The Defendants' conversion of the Plaintiff's real estate has caused actual out-of-pocket damages for having to retain counsel to enforce the settlement agreement.  The conversion has also caused the non-economic damage for the inability to have access to the property and the speculative economic damage of the depreciation of the property. Plaintiff is therefore entitled to an award of punitive damages.

## COUNT THREE:
## FAIR DEBT COLLECTION PRACTICES ACT – CALIBER

70. The Plaintiff restates and re-alleges all of the statements contained in Paragraphs 1 through 49 as if fully contained herein.

71. As stated above, Caliber sent Exhibit E and Exhibit F to the Plaintiff which contained explicit demands for payment.

13

72. As stated above, Caliber sent Plaintiff's account to a collection agency in or around January 2016 which resulted in further debt collection activities by said collection agency.

73. Exhibit E and Exhibit F were sent by Caliber after the settlement agreement, entered by Caliber's principal, had taken effect and pursuant to Paragraph 3(2) of the agreement the Plaintiff was not personally liable for the mortgage.

74. Caliber took the actions described above in an attempt to collect a debt represented by the Loan.

75. Caliber's communications to the Plaintiff regarding the amount, character, and legal status of the Loan were misleading due to the deficiency waiver and at the time the communications were made, they were in violation of 15 U.S.C. 1692(e)(2).

76. Caliber knew or had reason to know when they made these communications that the settlement agreement was enforceable as to both parties.

77. Exhibit E and F constitute an unconscionable means to collect a debt.

78. As a result of Exhibit E and F, the Plaintiff was compelled to retain legal counsel in an attempt to clarify, through the RFI and NOE process, whether the settlement agreement applied to Caliber as well as now having to file this suit as the Plaintiff continues to accrue additional legal fees and costs.

79. In addition Caliber's conduct caused the Plaintiff to suffer emotional distress driven by the anxiety, fear, and embarrassment that he may remain liable for the Note and Mortgage.

80. Caliber's conduct was outrageous, willful, wanton and in reckless disregard for the Plaintiff's rights.

81. Caliber is therefore liable to the Plaintiff for statutory damages and attorneys' fees and costs.

## COUNT FOUR:
## OHIO CONSUMER SALES PRACTICES ACT – CALIBER

82. The Plaintiff restates and re-alleges all allegations contained in Paragraphs 1 through 49 as if fully restated herein.

83. The Plaintiff is a "consumer" within the means of the CSPA as his mortgage was entered into for personal, family or household purpose.

84. Defendant Caliber is a "supplier" as that term is defined under ORC 1345.01(C) as at all times relevant herein the Defendant was engaged in soliciting a consumer transaction.

85. Exhibits E and F sent by Caliber were deceptive in that they contained explicit language indicating the Plaintiff was liable for a debt that he was not liable for due to the settlement agreement.

86. Exhibits E and F sent by Caliber incorrectly summarized the legal rights of the Plaintiff as they pertained to the debt.

15

87. Caliber's conduct in assigning Plaintiff's account to a debt collector despite having actual knowledge that Plaintiff's obligations had been released was deceptive and unconscionable.

88. As a direct and proximate result of Caliber's actions in sending Exhibits E and F the Plaintiff suffered injuries including but not limited to mental anguish, emotional distress, confusion, stress, and worry.

89. Defendant's violations of the CSPA entitle the Plaintiff to statutory and actual damages in specific amounts to be proved at trial as well attorneys' fees and costs, as provided for by the CSPA.

## COUNT FIVE:
## VIOLATION OF RESPA – CALIBER
### (Violation of 12 CFR § 1024.35(b) – Failure to conduct reasonable investigation)

90. The Plaintiff restates and re-alleges all allegations contained in Paragraphs 1 through 49 as if fully restated herein.

91. 12 C.F.R. § 1024.35(e)(1) provides that a servicer must respond to a Notice of Error by either "correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a phone number, for further assistance" or "conducting a *reasonable investigation* and providing the borrower with written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in

16

reaching its determination, information regarding how the borrower can request such documents, and contact information, including a phone number, for further assistance" (emphasis added).

92. 12 C.F.R. § 1024.35(e)(3)(i)(C) provides that, in regards a Notice of Error submitted pursuant to 12 C.F.R. § 1024.35(b)(9), a servicer must comply with 12 C.F.R. § 1024.35(e)(1) no later than thirty (30) days, excluding legal public holidays, Saturdays, and Sundays, after the servicer's receipt of the applicable notice of error.

93. On or about September 14th, 2016, the Plaintiff through authorized counsel, sent a Notice of Error to Caliber at their designated correspondence address via certified US Mail. *Exhibit G.*

94. The Notice of Error specifically identified three (3) errors including inquiring with Caliber to investigate whether they believed they violated the terms of the Consent Entry when they took affirmative steps, as demonstrated by Exhibit D and F, to release the lien on the property.

95. Caliber's response to this Notice of Error, Exhibit J, did not contain any response to this Notice of Error but answered the other inquiries with the Notice of Error by affirmatively admitting they took an illegal step to collect a debt.

96. Caliber's responses did not comply with the requirements of 12 C.F.R. 1024.35(e)(1) as demonstrated by their own admissions.

97. Had Caliber properly reviewed the Notice of Error in conjunction with the Consent Entry, Caliber would have reasonably and readily discovered that it

17

could not release the lien and should not have taken any affirmative steps to withdraw the sheriff sale.

98. Caliber's actions in failing to timely correct the errors alleged in Exhibit G constitute two violations of 12 C.F.R. 1024.35(e).

99. Caliber's actions as demonstrated by Exhibits C, D, E, F, I, J, and K as well as the allegations above are believed to be and clearly demonstrate a pattern and practice of behavior in conscious disregard for Plaintiff's rights.

100. As a result of Caliber's actions, Caliber is liable to the Plaintiff for actual damages, statutory damages, costs, and Plaintiff's Attorneys' Fees and Costs.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Lawrence Davis respectfully requests this Court enter an order granting Judgment for the following against Defendants US Bank, N.A. as Trustee for LSF8 Master Participation Trust, LSF8 Master Participation Trust, and Caliber Home Loans, Inc.:

A) For an award of actual damages against all Defendants of at least $415.29 jointly and severally for all allegations contained in Count One;

B) For an award of actual damages against all Defendants jointly and severally in an amount to be determined at trial for all allegations contained in Count Two;

C) For an award of punitive damages against all Defendants jointly and severally of at least $25,000.00 or an amount to be determined at trial for the allegations contained in Count Two;

D) For an award of statutory damages of at least $1,000.00 against Defendant Caliber for the allegations contained in Count Three;

E) For an award of statutory damages of at least $1,500.00 against Defendant Caliber for the allegations contained in Count Four;

F) For an award of statutory damages of at least $2,000.00 each for the two (2) claims against Defendant Caliber as alleged in Count Five;

G) For an award of Plaintiff's reasonable attorneys fees and costs against all Defendants jointly and severally for the allegations contained in Counts One and Two; and individually as to Defendant Caliber for the allegations contained in Counts Three, Four and Five; and

H) For such further and other relief which this Court may deem appropriate.

                                        Respectfully submitted,

/s/ Marc E. Dann
Marc E. Dann (0039425)
Brian D. Flick (0081605)
Emily White (0085662)
The Dann Law Firm Co., LPA
PO Box 603104
Cleveland, OH 44103
216/373-0539
216/373-0536 – fax
notices@dannlaw.com
*Co-Counsel for Plaintiff Lawrence Davis*

Michael J. O'Reilly (0019892)
Andrew C. Clark (0083519)
O'REILLY LAW OFFICES
30 Hill Road South
Pickerington, Ohio 43147
Phone: (614) 833-3777
Fax: (866) 257-8939
E-mail: michael@oreillylawyers.com
*Co-Counsel for Plaintiff Lawrence Davis*

19

## JURY DEMAND

Plaintiff hereby demands a civil jury trial of eight jury members of all issues herein that are so triable.

>/s/ Marc E. Dann
> Marc E. Dann (0039425)
> Brian D. Flick (0081605)
> Emily White (0085662)
> Michael J. O'Reilly (0019892)